UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> 2009 MERCEDES-BENZ E350, et al., <br><br> Defendants *in rem*. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:15-cv-265 CW <br><br> Judge Clark Waddoups |
| JESSIE JAMES SALAZAR, <br><br> Claimant. | |

This matter is before the court on the United States' Motion to Strike a claim filed by Jessie James Salazar. For the reasons stated below, the court denies the United States' motion, and in a separate order, sets this matter for a Status Conference.

## BACKGROUND

The United States filed a Complaint on April 15, 2015 seeking forfeiture *in rem* of a 2004 Range Rover, VIN: SALME114x4A154928. The Complaint asserts the vehicle was purchased with or represents proceeds of drug trafficking.[1] Complaint, ¶¶ 24-25 (Dkt. No. 1). Jessie James

---

[1] Under a separate count, the Complaint also seeks forfeiture of a 1999 Ford F250 because the vehicle was allegedly used to facilitate drug distribution. That claim is not asserted against the 2004 Range Rover.

Salazar filed a notarized statement on July 8, 2015 that claimed ownership of the vehicle. A copy of Original Title, Vehicle Registration Certificate, and a Motor Vehicle History were attached to Mr. Salazar's statement. Each lists Mr. Salazar as the owner of the vehicle. Although the statement was notarized, it was not filed under penalty of perjury. The United States sent a letter to Mr. Salazar informing him he needed to correct that defect and include information about how and when he acquired the vehicle.

On July 22, 2015, Mr. Salazar filed a second statement that asserted the vehicle was purchased on January 23, 2012 in Industrial City, California. Again, the statement was not filed under penalty of perjury. The United States sent a second letter on September 23, 2015, reminding Mr. Salazar he needed to correct that deficiency. It further informed him that he needed to file an answer or motion under Rule 12 of the Federal Rules of Civil Procedure. On October 22, 2015, Mr. Salazar filed a third statement with the court. It reiterated his claim of ownership, the purchase date of the vehicle, and the location of the purchase. He then "declare[d] under the penalty of perjury that the foregoing is true and correct." In response, the United States sent a third letter on November 17, 2015 informing Mr. Salazar he still had to file an answer. The United States extended the time for filing the answer to December 1, 2015.[2]

Mr. Salazar then filed a fourth statement with the court on December 18, 2015. In addition to his claim of ownership, Mr. Salazar stated "[t]his property was not obtained through any illegal activity and should not be subject to forfeiture." Statement (Dkt. No. 8). He signed the fourth statement under penalty of perjury. On December 30, 2015, the United States moved to strike Mr. Salazar's claim on the basis that he has failed to file an answer.

---

2   From these actions, it is apparent the United States has attempted to work with Mr. Salazar regarding his claim.

## ANALYSIS

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rules") sets forth the requirements for civil forfeiture proceedings. Rule G(5)(a) specifies that "[a] person who asserts an interest in the defendant property" must file a claim under penalty of perjury. The claimant must also file an answer. *See* Rule G(5)(b). When a person fails to meet both of these requirements, he lacks statutory standing to assert his claim. *United States v. $5,565.00 in United States Currency*, No. 09-cv-2212, 2010 U.S. Dist. LEXIS 112155, at *7 (D. Colo. Sept. 20, 2010) (citations omitted). In this case, Mr. Salazar has filed four statements. The United States does not dispute that Mr. Salazar filed a claim through these statements. It does dispute that he filed an answer. The court disagrees.

In *United States v. $9,020.00 in United States Currency*, 30 Fed. Appx. 855, 856 (10th Cir. 2002), the Tenth Circuit Court of Appeals addressed whether a district court abused its discretion in striking a claimant's pleadings for failure to comply with Rule C(6) of the Supplemental Rules. The claimant was a *pro se* litigant who filed a "Petition for Remission," which "was verified by affidavit." *Id.* at 857. The claimant did not file a separate answer. *Id.* The district court therefore struck the claimant's petition on the ground he had failed to comply with Rule C by filing a claim *and* a separate answer. The Tenth Circuit reversed.

In doing so, the Tenth Circuit stated the district court's "ruling ignore[d] the requirement that pro se pleadings are to be liberally construed," and "the oft-cited statement that courts may require strict compliance with Rule C(6) does not negate the liberal construction due pro se pleadings." *Id.* It further rejected the government's argument that one document cannot be considered both a claim and an answer because that ignores "the meaning of liberal

3

construction." *Id.* at 858.  In particular, the Court stated:

> [L]iberal construction of pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, *or his unfamiliarity with pleading requirements*."

*Id.* at 858 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)) (emphasis added).

The Court then looked at the substance of the petition and found that the claimant "did not rely on conclusory allegations, but presented evidence supporting his contentions that the money was unconnected with illegal activity." *Id.*  Indeed, the petition "contain[ed] the kinds of arguments, evidence, and implied denials generally accepted in pro se answers." *Id.*  Moreover, the Court noted "[t]he overriding purpose of Rule C(6) is to identify claimants and allow them standing in the forfeiture to proceed in defense." *Id.* at 859 (citation omitted).  Therefore, it concluded the district court abused its discretion in striking the petition.

Although this case involves Rule G of the Supplemental Rules rather than Rule C, the Tenth Circuit's reasoning is nevertheless applicable.  Mr. Salazar is a *pro se* litigant who has filed a claim and supporting documentation that identifies specifically the property at issue and his claim of ownership.  His last two statements were filed under penalty of perjury, wherein he declared his statements were "true and correct."[3]  *See* Statements (Dkt. Nos. 7 & 8).  Mr. Salazar has therefore filed a claim under Rule G(5).

Turning to whether Mr. Salazar also filed an answer, the purpose of an answer is to

---

3  "[U]nsworn written statements subscribed under penalty of perjury . . . have the same effect as verification for purposes of any law of the United States." *$9,020.00 in United States Currency*, 30 Fed. Appx. at 857 n.2 (citing 28 U.S.C. § 1746) (other citations and quotations omitted).

respond to allegations stated in a complaint. As stated above, the United States asserts in its Complaint that the 2004 Range Rover should be forfeited because the vehicle constitutes proceeds from drug trafficking. The underlying drug trafficking crime occurred in 2014. *See* Statement in Advance of Plea, ¶ 11 (Dkt. No. 47 in Case No. 2:14-cr-562). Mr. Salazar's second and third statements assert the vehicle was purchased in 2012. The Motor Vehicle History supports that registration of the vehicle in Mr. Salazar's name dates back to 2012. Because Mr. Salazar has presented evidence that the purchase date occurred two years before the drug trafficking, this constitutes an implied denial that the vehicle was purchased from the drug proceeds. Additionally, in his last statement, Mr. Salazar declared under penalty of perjury that the vehicle was not obtained "through any illegal activity." The court concludes these statements, coupled with Mr. Salazar's supporting documentation, are sufficient to constitute both a claim and an answer in satisfaction of Rule G(5).

## **CONCLUSION**

For the reasons stated above, the court DENIES the United States' Motion to Strike Mr. Salazar's claim.[4] In a separate order, the court sets this matter for a status conference on February 24, 2016 at 1:30 p.m.

DATED this 11th day of February, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

4  Dkt. No. 9.